JOHN VAN DYKE, JOHN LEANEY and HENRY BLAND, Trustees of MARGARET MEADE, *against* GEORGE CHANDLER and EDWARD CHANDLER, Administrators of GEORGE CHANDLER, deceased.

If a creditor of an insolvent estate, neglect to exhibit, under oath, his claim to the administrator of his deceased debtor, within the time prescribed by the rule of the Orphans' Court, for that purpose, he will not be allowed to come in for a ratable proportion of the estate of the deceased, in the hands of the administrator.

---

This cause came before the court, upon the following state of facts : George Chandler, the defendants' testator, having purchased of George H. Burr, a certain plantation, in order

to secure the balance of the purchase money, amounting to eight thousand three hundred and fifty dollars, executed and delivered to the said George H. Burr, several bonds, bearing date the 13th day of May, 1815 : Conditioned for the payment of the said balance of $8,350, and executed a mortgage the same day on the said plantation, to secure the payment of the money due upon the said bonds.

On the 6th day of January, 1821, the said George H. Burr, by deed of assignment, granted, conveyed and assigned the said bonds, mortgage and mortgaged premises to Richard W. Meade.

On the 2d day of December, 1822, the said Richard W. Meade, assigned unto the said plaintiffs, the said bonds and indenture of mortgage and mortgaged premises.

The said George Chandler, the defendants' testator, died on or about the first day of September, eighteen hundred and twenty-three, having first made and published his last will and testament, in due form to pass real estate, and thereby devised the said mortgaged premises to the said George Chandler and Edward Chandler, the defendants, subject to the said mortgages.

George Chandler, died in September, 1823, and administration with the will annexed, was granted to the defendants. The plaintiffs having caused a suit in Chancery, to be instituted January term 1824, to foreclose the equity of redemption in the said mortgaged premises, against the said George Chandler and Edward Chandler, as administrators and heirs of George Chandler ; such proceedings were had therein, that on the 24th day of May, 1824, a decree was made, that there was due to the said plaintiffs on the said bonds and mortgages, the sum of nine thousand nine hundred and eighty-three dollars and seventy cents, besides costs.

On the 11th day of August, 1824, the sheriff of the county of Burlington, made sale of the mortgaged premises, by virtue of the said decree, for the sum of nine thousand four hundred and seven dollars and seventy-five cents, at

which day there was due to the plaintiffs for principal, inter-
ests and costs, on the said decree, the sum of ten thousand
five hundred and six dollars and eighty-three cents, being
one thousand and ninety-nine dollars and eight cents more
than the amount of sales of the said mortgaged premises;
to recover which balance the plaintiffs instituted the present
suit against the defendants.   On the 22d day of September,
1823, the defendants proved the will of their testator, and
took out letters of administration, *cum testamento annexo*.
In the term of August, A. D. 1824, Edward Chandler, one
of the defendants, who solely acted in the administration of
the estate of his testator, represented to the Orphans' Court
of the county of Burlington, in writing, and under solemn
affirmation, conformably to the provisions of the act entitled,
" An act concerning the estates of persons who die insolvent,"
and that the personal and real estate of the said George
Chandler, deceased, was insufficient to pay the debts of the
said deceased, according to the best of his knowledge and
belief, whereupon the said court in the term of August
aforesaid, did order and direct the administrators of the
said George Chandler, deceased, to give notice in the usual
manner, to the creditors of the estate of the said deceased,
to exhibit under oath or affirmation, his, her and their claims
and demands against the said estate, within six months from
that time, that such notice was regularly given.   That after
the said limited time had expired, and at least two months
prior to the term of May 1825, the said defendants did give
notice according to law, that at the said term of May 1825,
they would make report to the said Orphans' Court, of the
several claims and demands which had been exhibited against
the estate of the said deceased, under oath or affirmation,
and did also give notice according to law, that they would
exhibit their account to the said Orphans' Court for settle-
ment, in the said term of May 1825.

At which term of May 1825, the said Edward Chandler
acting administrator as aforesaid, did make report to the

said Orphans' Court of the several claims and demands which had been exhibited against the estate of the said deceased, under oath or affirmation, and did also exhibit to the said court at the same time under solemn affirmation, a true and just account of the moneys, goods, chattels, rights and credits of the decedent, which had come to his knowledge, hands or possession; and did further report to the court on solemn affirmation, that no real estate of the said decedent within the state of New Jersey, had come to his knowledge; and in August term 1825, a decree of the Orphans' Court was made, declaring the estate of the deceased insolvent, and directing a distribution of the balance of the estate remaining in the hands of the administrators, to be distributed among the creditors who had exhibited their demands.

That by the account of the defendants, as decreed by the said Orphans' Court, they had received personal estate of the said deceased, to the amount of one thousand and twenty dollars and sixty-four cents; that they had paid in preferred debts, expenses and commissions to the amount of three hundred and one dollars and thirty-five cents, leaving a balance in their hands to be distributed among the creditors of the said deceased, to the amount of seven hundred and nineteen dollars and twenty-nine cents; that claims to the number of eighteen had been exhibited to the defendants under oath or affirmation, within the time limited by the rule of the said Orphans' Court, amounting in the aggregate to the sum of one thousand and eight dollars and eighty-eight cents.

That the claim of the plaintiffs was not exhibited to the defendants or either of them, under oath or affirmation, until August term 1825, six months after the time limited by the rule of the said Orphans' Court.

It is argued by, and between the parties aforesaid, that if the court should be of opinion, that upon the foregoing state of facts, the plaintiffs are entitled to a ratable proportion of the balance of seven hundred and nineteen dollars and

twenty-nine cents, remaining in the hands of the said defendants, with the eighteen creditors whose claims were rendered under oath or affirmation, within the time limited by the rule of the said Orphans' Court, that then judgment shall be so rendered against the defendants in favor of the plaintiffs ; and that if the court should be of opinion that the plaintiffs are not so entitled, that then judgment shall be rendered in favor of the plaintiffs, only for a ratable proportion of such other estate of deceased as the plaintiffs shall discover, and as has not been inventoried and accounted for by the defendants.

*Garret D. Wall*, Attorney of plaintiff.

*Abr'm Brown*, Attorney of defendants.

EWING, C. J. The plaintiffs are mortgaged creditors of the deceased, George Chandler. After his death, they filed a bill in the Court of Chancery, and obtained a decree for the sale of the mortgaged premises. The sale did not raise sufficient money to satisfy the debt, and for the balance this action was instituted.

In August term 1824, a representation of the insolvency of the estate was made to the Orphans' Court of the county of Burlington, agreeably to the act concerning the estates of persons who die insolvent. Six months were given by the order of the court to creditors, to bring in their claims and demands. Within that period, a number were exhibited under oath or affirmation, and in the manner directed by the act. The prescribed course of proceeding was pursued. And in August, 1825, the court decreed the estate to be insolvent, and the account of the administration being settled, directed a distribution among the creditors who had exhibited their demands. The plaintiffs did not exhibit any claim or demand against the estate, to the administrators, within the limited period, nor until the term of August, 1825.

The present suit was commenced after the decree of the court; and the question presented to our consideration by the parties is, whether the plaintiffs are entitled to a ratable proportion of the balance of the estate remaining in the hands of the defendants, with those creditors whose claims were rendered under oath or affirmation, limited within the time by the rule of the Orphans' Court.

The provisions of the act of the legislature, *Rev. Laws* 766, seem in themselves and from irresistible consequences to resolve clearly and satisfactorily this question. A period of time is to be fixed by the court, and the creditors are required within that time, to exhibit their claims and demands under oath to the executor or administrator. After the expiration of the time, he is to make report to the court of the several claims and demands that have been so exhibited. And after the adjustment of the accounts, the proceeds of the personal and real estate, the preferred debts and expenses being first paid, are to be distributed " to the said several creditors." It will be seen that these provisions not only contemplate a distribution among the creditors, who shall have exhibited their accounts in the manner prescribed, and within the time limited, but that the execution of the act, and the administration of the estate upon the system of equality, wisely intended, are otherwise wholly impracticable.

The legislature have taken care not to leave this question to construction or inference, however clear the one, or irresistible the other. In the 11th section it is enacted, that " if any creditor shall not exhibit his claim to the executor or administrator, as aforesaid, within the time limited and prescribed by the said court, such creditor shall be forever barred from prosecuting or recovering his said demand, unless the estate shall prove sufficient, after all debts exhibited and allowed are fully satisfied, or such creditor shall find some other estate not inventoried or accounted for by the executor or administrator, before distribution, in which case such creditor shall receive his ratable proportion out of the same.

By this section the exhibition of the claim, "as aforesaid" that is to say, under oath or affirmation, and within the time limited by the court, is made a condition on which the title of the creditor to participate in the distribution is to depend; and without making such exhibition he is forever barred, from prosecuting and recovering his demand, unless in one or other of the events, which are particularly mentioned. Neither the fact of the decree in Chancery, which had been made prior to the representation of insolvency, nor the knowledge of the existence of the debt of the plaintiffs, which may be fairly presumed from that decree, to which the administrators were parties, as defendants, can furnish any support for the claim of the plaintiffs to share in the distribution. The legislature have thought fit to prescribe a condition, and he who would avail himself of the advantages of the law, must fulfill it. *Qui sentit commodum sentire debet et onus.* The legislature have sought to guard the estate against unfounded demands, by an appeal to the conscience of the creditor. The suit in Chancery, neither directly or indirectly answers this appeal.

The plaintiffs are not entitled to a ratable proportion with the creditors who have fulfilled the conditions of the act; and such being our opinion, judgment according to the agreement of the parties is "to be rendered in favor of the plaintiffs, only for the ratable proportion of such other estate of the deceased, as the plaintiffs shall discover, and as has not been inventoried and accounted for by the defendants."